UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy |
| **GARY AMBRO,** | Case No. 16-55307-pjs <br> Chapter 7 |
| Debtor. <br> _____/ | Hon. Phillip J. Shefferly |

**ORDER (1) APPROVING FIRST AND FINAL FEES OF DEBTOR'S COUNSEL FOR SERVICES RENDERED DURING THE CHAPTER 11 CASE PRIOR TO CONVERSION TO CHAPTER 7; AND (2) DENYING OTHER REQUESTED RELIEF**

THIS MATTER came before the Court on the Application ("Application") (ECF #127) of Clayson, Schneider & Miller, P.C. f/k/a Schneider Miller, PC, counsel for the converted Debtor in Possession for its first and final application for compensation; notice of the Application was served on all creditors and parties in interest; and no objections were timely filed or served. The Court has reviewed the Application and has decided to approve the requested fees and expenses but not grant some of the additional relief requested by the Application. Accordingly,

**IT IS HEREBY ORDERED** that the Application is granted and the fees are awarded to Clayson, Schneider & Miller, P.C. f/k/a Schneider Miller, PC, in the amount of $18,179.50 and expenses are awarded in the amount of $2,348.34.

**IT IS FURTHER ORDERED** that after credit of $6,720.00 in retainer payments by the Debtor, the balance of the total combined fees and expenses or

$13,807.84 shall be subordinated and treated as a general unsecured claim of the Chapter 7 estate subject to the claims filing and allowance procedures.

**IT IS FURTHER ORDERED** the Court denies the Application's request that the Court: "authorize the Debtor to pay the balance of fees and expenses out of his post-petition and post-Chapter 7 conversion income under payment arrangements to be mutually agreed upon between Debtor and [Clayson, Schneider & Miller, PC]". The Application cites no authority for this form of relief nor any criteria that the Court should apply to consider whether to "authorize" the Debtor to make such payments. In substance, this request is much like a request to approve a reaffirmation agreement, only without the protections and requirements of section 524 of the Bankruptcy Code. Even the proposed order that the Debtor's attorneys uploaded with the Application seems to recognize that the Court has no authority to grant this relief, as it contains a proposed finding that the Debtor's post-petition and post-Chapter 7 conversion income "are by operation of the Bankruptcy Code no longer within the jurisdiction and authority of this court". For these reasons, the requested authority is denied.

**Signed on January 30, 2018**



/s/ Phillip J. Shefferly
───────────────────────
Phillip J. Shefferly
United States Bankruptcy Judge